**EXHIBIT A**
**MEMORANDUM OF LAW**

Case 4:22-cv-00556-MWB   Document 6-1   Filed 04/25/22   Page 1 of 9

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
WILLIAMSPORT DIVISION

| | | |
|---|---|---|
| JEFFREY D. HILL, | : | Civil Action 4-CV-22-556-WIA |
| | : | |
| Plaintiff | : | (Magistrate Judge Arbuckle) |
| | : | |
| v. | : | |
| | : | |
| DOUG MASTRIANO, | : | |
| | : | |
| Defendant | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF NON-PARTY, CALVIN CLEMENTS, TO INTERVENE AS PLAINTIFFS**

Calvin Clements, Proposed Plaintiff-Intervenor, submits this Memorandum of Law in support of his Motion to Intervene in the action filed by Plaintiff, Jeffrey Hill, against Defendant, Doug Mastriano. Clements moves for permissive intervention pursuant to Federal Rule of Civil procedure Rule 24(b)(1)(B).

**BACKGROUND**

January 6, 2021 was a dark day in the history of the United States. Thousands of people met for a rally at the Ellipse, immediately south of the White House, for a "Stop the Steal" rally. State Senator Doug Mastriano ("Mastriano") used campaign funds to charter three (3) buses of people to attend this rally featuring the former president and several other speakers. During this rally, the former president told his fans to "walk to the Capitol" to continue to protest the peaceful transfer of power to incoming President Joseph R. Biden, Jr. Upon arriving at the Capitol, hundreds to thousands of protesters passed one or more police lines, invaded the Capitol, and disrupted the joint session of Congress conducting the Twelfth Amendment

electoral count. The mayhem resulted in over one hundred injured peace officers, deaths of five people, millions of dollars in damage, and the prosecution of dozens of participants.

Among those who crossed at least one police line was Mastriano. Publicly available video shows him crossing at least one police line and stepping onto the landing for one of the sets of stairs of the West Entrance of the Capitol Building. Mastriano falsely stated that he did not invade police lines in his activities on January 6.

In the leadup to January 6, Mastriano peddled false conspiracy theories about an allegedly stolen presidential election where, in Pennsylvania, Republican candidates up and down the ballot won a variety of races in various state and municipal offices. Mastriano was critical in organizing a "hearing" in Gettysburg peddling the same tired conspiracy theories.

**ARGUMENT**

1. <u>Clements Should Be Permitted To Intervene by the Court's Permission.</u>

Federal Rule of Civil Procedure 24(b)(1)(B) provides that the court should grant permissive intervention on timely application for one with a claim that shares with the main action a common question of fact or law. F.R.C.P. 24(b)(1)(B). Permissive intervention

Permissive intervention is appropriate within the Court's discretion when the proposed intervenor has standing. *McKay v. Heyison*, 614 F.2d 899, 906-07 (3d Cir. 1980). Here, Clements, as a Pennsylvania elector, would be prejudiced if an ineligible candidate for governor were to be elected in violation of the Fourteenth Amendment to the United States Constituion. U.S. Const. amend. XIV sec. 3.

2. <u>Clements' Motion is Timely.</u>

Plaintiff filed the instant matter on April 15, 2022 in this Court.  At the time of this Motion, Defendant had not yet been served, so has had no opportunity to answer or file a Motion to Dismiss under Rule 12(b)(6).  The timeliness of an intervention motion is evaluated "in the context of all relevant circumstances", including the following:

> (1) How far the proceedings have gone when the movant seeks to intervene, (2) prejudice which resultant delay might cause to the other parties; and (3) the reason for the delay.

*Commw. of Penn. v Rizzo*, 520 F.2d 501, 506 (3d Cir. 1976) (Internal citations omitted).  Discretionary permissive intervention would not unduly prejudice parties even after written discovery has occurred.  *Mountain Top Condo. Ass'n v. Dave Shabbert Master Builder, Inc.*, 33 V.I. 311, 325 (3d Cir. 1995) (internal citation omitted).

Here, the case was filed days ago.  Mastriano has not answered or moved to dismiss the complaint.  No scheduling order has been entered.  No factual or legal issues have been litigated.  The only filings beyond the complaint concern the Plaintiff's request to proceed *in forma pauperis*.

No party is prejudiced by this intervention.  Filing deadlines for the election were only closed on March 15, 2022.  https://www.vote.pa.gov/about-elections/pages/election-calendar.aspx.  Objections to petitions were only due March 22, 2022.  *Id.*  Defendant would likely be prejudiced if the intervention is not granted in that Defendant would face a separate action, possibly before a different judge in a different courthouse unless the Court consolidated cases.  Consolidation would require additional burden on the part of the Court and all parties which can be avoided by permissive intervention.

Allowing the instant permissive intervention may actually streamline the court's process in this matter, as the plaintiff is appearing pro se and the addition of a represented plaintiff may allow the matter to be adjudicated between counsel admitted to the Middle District.

3. <u>Clements has a Substantial Legal Interest in the Subject Matter.</u>

Every Pennsylvania elector has a substantial legal interest in the election of the next governor. Mastriano has run for promotion to Governor in the 2022 election and seeks to be his party's nominee for the November 8, 2022 general election. Mastriano's conduct in and around the 2020 presidential election puts his eligibility to stand for election under the Fourteenth Amendment in doubt. *See*, U.S. Const, amend. XIV, sec. 3. Clements would be prejudiced if he is forced to reside in the Commonwealth being led by a person not eligible for office because of his participation in the January 6, 2021 insurrection and spreading false conspiracy theories attempting to overturn the 2020 presidential election.

A candidate is ineligible to run for public office "if the political party or political body referred to therein shall be composed of a group of electors whose purposes or aims, or one of those purposes or aims, is the establishment, control, conduct, seizure or overthrow of the Government of the Commonwealth of Pennsylvania or the United States of America." 25 P.S. 2936(g). Each citizen has the right to vote for a governor who is fully eligible to serve in that role to faithfully execute the office. Penn. Const. art. IV. sec 2.

Mastriano and others defied the authority of the United States. *See*, *In re Charge to Grand Jury*, 62 F.828, 830 (N.D. Ill. 1984) (defining insurrection as an uprising "so formidable as for the time being to defy the authority of the United States"); *County of Allegheny v. Gibson*, 90 Pa. 397, 417, 35 Am. Rep. 670 (Pa. 1879), *citing* Worcester's Dictionary (1835) (defining

"insurrection" as "A rising against civil or political authority, the open and active opposition of a number of persons or to the execution of law in a city or state; a rebellion, a revolt."). Mastriano took actions sufficient where the Court could find that Mastriano participated in insurrection against the United States of America. *See*, *In re Charge to Grand Jury*, 62 F.828, 830 (N.D. Ill. 1984) (defining insurrection as an uprising "so formidable as for the time being to defy the authority of the United States"); *County of Allegheny v. Gibson*, 90 Pa. 397, 417, 35 Am. Rep. 670 (Pa. 1879), citing Worcester's Dictionary (1835) (defining "insurrection" as "A rising against civil or political authority, the open and active opposition of a number of persons or to the execution of law in a city or state; a rebellion, a revolt."). That an insurrection was doomed to fail does not disqualify it as an insurrection for legal purposes. *See*, *Davila*, 212 F.2d at 736 ("An insurrection aimed to accomplish the overthrow of the constituted government is no less an insurrection because the chances of success are forlorn."). In discussing the former president and his lawyer's claims for privilege concerning the lawyer's attempts to shield email from the Congressional Special Committee investigating the instant insurrection, the Federal District Court for the Central District of California observed:

> *Dr. Eastman and President Trump launched a campaign to overturn a democratic election, an action unprecedented in American history. Their campaign was not confined to the ivory tower – it was a coup in search of a legal theory. The plan spurred violent attacks on the seat of our nation's government, led to the deaths of several law enforcement officers, and deepened public distrust in our political process.*
> *More than a year after the attack on our Capitol, the public is still searching for accountability. This case cannot provide it. The Court is tasked only with deciding a dispute over a handful of emails. This is not a criminal prosecution; this is not even a civil liability suit. At most, this case is a warning about the dangers of "legal theories" gone wrong, the powerful abusing public platforms, and desperation to win at all costs. If Dr. Eastman and President Trump's plan had worked, it would have*

> *permanently ended the peaceful transition of power, undermining American democracy and the Constitution. If the country does not commit to investigating and pursuing accountability for those responsible, the Court fears January 6 will repeat itself.*

*Eastman v. Thompson*, Case 8:22-cv-99-DOC-DFM at *44 (C.D. Cal. Mar. 28, 2022). Mastriano, by his comments, his actions, and his crossing Capitol police lines, materially contributed to this extensive effort to unlawfully install the loser of the 2020 presidential election into a second term of office.

The insurrectionists' goal was to overthrow the United States government by disrupting its core functions. *See*, *Pan. Am. World Airways, Inc. v. Aetna Cas. & Sur. Co.*, 505 F.2d 989, 1005 (2d Cir. 1974) (insurrection requires "an intent to overthrow a lawfully constituted regime"); *Home Ins. Co. of N.Y. v. Davila*, 212 F.2d 731, 736 (1st Cir. 1954) (insurrectionary action must be "specifically intended to overthrow the constituted government and to take possession of the inherent powers thereof"). One who acted "[v]oluntairly aiding the rebellion, by personal service, or by contributions, other than charitable, of any thing that was useful or necessary" to the insurrection "engages" in insurrection. *Worthy v. Barrett*, 63 N.C. 199, 203 (N.C. 1869); *United States v. Powell*, 27 F.605, 65 N.C. 709 (D. N.C. 1871).

Candidates constitutionally ineligible for office may be excluded from the ballot. *Hassan v. Colo.*, 495 F. App'x 947, 948 (10th Cir. 2012) *accord Peace & Freedom Party v. Bowen*, 750 F.3d 1061 (9th Cir. 2014); *see also, Burdick v. Takushi*, 504 U.S. 428, 441 (1992) ("the right to vote is the right to participate in an electoral process that is necessarily structured to maintain the integrity of the democratic system"). Clements, like every Pennsylvania citizen, would be prejudiced if Mastriano were to be found ineligible for office but elected in spite of his infirmity. Justice requires that Mastriano be found infirm, and removed from the ballot, or eligible, and

be permitted to face the voters.  Clements should not have to be subject to an electoral process which denies him due process to determine if this candidate removed himself from consideration for governor by his actions on and leading up to the January 6 insurrection which he hired three busloads of people to attend and marched to the lower steps of the West side of the Capitol building past police barricades.

4. <u>Intervention is Appropriate for Judicial Economy</u>.

Were the court to deny permissive intervention, Clements would likely file a separate action in the Middle District, which may likely be assigned to a judge in the Harrisburg Division, given that Clements resides in Lebanon County.  Courts should consider judicial economy when deciding to permit or deny permissive intervention.  *Brody By and Through Sugzdinis v. Spang*, 957 F.2d 1108, 1123 (3d Cir. 1992); *citing*, *Society Hill Civic Ass'n v. Harris*, 632 F.2d 1045, 1051 (3d Cir. 1980).  The Third Circuit has noted that it prefers intervention to collateral attacks. *Commw. v. President U.S.*, 888 F.3d 52, 59 (3d Cir. 2018); *quoting*, *Kleisser v. U.S. Forest Service*, 157 F.3d 964, 970 (internal citations omitted).

Here, rather than litigating the same issues in different courtrooms with different judges, or, in the alternative, taking the time to consolidate cases once filed, the court would streamline consideration of Mr. Mastriano's eligibility for further elective office by allowing this proposed intervention.

**CONCLUSION**

Proposed plaintiff intervenor, Calvin Clements, respectfully requests that this Court grant permissive intervention in the instant matter in the interest of judicial economy and to

timely determine if Doug Mastriano is eligible for elective office under Section 3 of the Fourteenth Amendment.

                                                Respectfully Submitted,

Date:  April 25, 2022                        /s/ Rich Raiders
                                                Rich Raiders, Esq.
                                                Attorney 314857
                                                Raiders Law PC
                                                1150 Chestnut Street
                                                Lebanon, PA  17042
                                                484 509 2715 voice
                                                610 898 4623 fax
                                                [rich@raiderslaw.com](mailto:rich@raiderslaw.com)
                                                Attorney for Calvin Clements