UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY D. HILL, | ) | CIVIL ACTION NO. 4:22-CV-556 |
| Plaintiff | ) | |
| | ) | (BRANN, C.J.) |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| DOUG MASTRIANO, | ) | |
| Defendant | ) | |

REPORT & RECOMMENDATION

I.    INTRODUCTION

On April 15, 2022, Jeffrey D. Hill ("Plaintiff") lodged this case alleging that Doug Mastriano ("Defendant") should not be permitted to run for Pennsylvania Governor, and should be removed from the May 2022 primary ballot. In his pleading, Plaintiff asserts a federal quo warranto claim and a claim for mandamus relief. Plaintiff also attempts to challenge Defendant's nomination petition under state law.

To the extent that the 2011 sanction is still enforceable, I DECLINE to certify this action for filing because Plaintiff lacks standing to bring a federal quo warranto claim, and because the Court does not have the authority to grant the mandamus relief Plaintiff requests.[1] In the alternative, it is RECOMMENDED that:

---

[1] Plaintiff has been sanctioned by this Court for filing a large volume of meritless civil cases. Order, *Hill v. Carpenter*, No. 4:08-CV-591 (M.D. Pa. Feb 26, 2011), ECF No. 18 (requiring that Plaintiff "receive certification from a magistrate judge prior to filing a future civil action within the Middle District of Pennsylvania."). However, in 2015, the Third Circuit Court of Appeals questioned the enforceability

(1)     Plaintiff's IFP motion (Doc. 2) be granted and this case be dismissed without leave to amend pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) (failure to state a claim on which relief may be granted).

(2)     Proposed Intervenor's Motion to Intervene (Doc. 6) be DENIED.

(3)     The Clerk of Court be DIRECTED to close this case.

II.     BACKGROUND & PROCEDURAL HISTORY

    A.     PLAINTIFF'S LITIGATION HISTORY IN THE MIDDLE DISTRICT OF PENNSYLVANIA

It appears that Plaintiff initiated his first civil action in this Court in 1988. All cases were filed *pro se* and Plaintiff sought leave to proceed *in forma pauperis*. By September 1996, Plaintiff had filed approximately 42 separate actions in the Middle District of Pennsylvania. *See Hill v. Gates*, 940 F. Supp. 108, 109 (M.D. Pa. 1996). On September 3, 1996, United States District Judge James McClure issued an Order directing Plaintiff to show cause as to why sanctions should not be imposed. *Id.* In that Order, the court "indicated that it would consider as an appropriate sanction the issuance of an order rendering Hill subject to the same restrictions with respect to litigation under § 1915 as are applied for prisoners." *Id.* On September 18, 1996, Judge McClure imposed a series of restrictions (explained in 51 paragraphs at the

---

of that sanction. Mandate of USCA, *Hill v. Umpstead,* No. 4:15-CV-587 (M.D. Pa. Mar. 15, 2016), ECF No. 9-2 (noting that "the District Court's pre-filing injunction– which 'sanction[ed] Hill by requiring him to receive certification from a magistrate judge prior to filing a future civil action within the Middle district of Pennsylvania' – fails to comport with our direction that it 'impose more tailored sanctions against him.'").

conclusion of his 1996 order) on Plaintiff's ability to file cases in this district, including (but not limited to):

(1)     requiring Plaintiff to pay an initial partial filing fee of $5.00 and to deposit $5.00 per month until the full filing fee was paid in each civil action filed (failure to pay, and keep making payments would result in dismissal), *id* at 113-114; and

(2)     barring Plaintiff from bringing any further civil actions if he has "on 3 or more occasions after the date of [the September 18, 1996 order], brought an action or appeal in a court of the United States that was dismissed pursuant to this order on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* at 114.

In April 2008, Plaintiff ran afoul of the 1996 sanction by filing his third frivolous lawsuit. On April 4, 2008, Judge McClure issued an order that states as follows:

4.     Pursuant to our September 18, 1996 order in M.D. Pa. Civ. No. 96-1572 and our authority to impose sanctions under Rule 11 of the Federal Rules of Civil Procedure, plaintiff's complaint is dismissed based on his filing at least three civil actions in the courts of the United States since the date of that order that were dismissed as frivolous, malicious, or for failure to state a claim. Alternatively, the complaint is dismissed on the merits under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

5.     Plaintiff is ordered not to bring any civil action in the Middle District of Pennsylvania. We warn plaintiff that a failure to comply with this court order may result in contempt proceedings being brought against plaintiff.

*Hill v. Carpenter*, No. 4:08-CV-591, 2008 WL 936927 at *4 (M.D. Pa. Apr. 4, 2008).

Plaintiff appealed Judge McClure's April 2008 Order to the Third Circuit Court of Appeals. On April 22, 2009, the Third Circuit affirmed Judge McClure's dismissal of Plaintiff's complaint, but vacated the imposition of sanction. *Hill v. Carpenter*, 323 F. App'x 167, 168 (3d Cir. 2009). In doing so the Circuit explained:

> The District Court clearly was within its discretion to impose sanctions against Hill, as his filings in this case contained wholly inappropriate language and showed a complete lack of respect for the Court and the judicial process. Moreover, the instant case is but one of many non-meritorious actions Hill has filed over the years, and it is not the first instance in which Hill has used disrespectful and abusive language. Nonetheless, there is no indication that the Court gave Hill adequate notice and an opportunity to respond before imposing sanctions. *See Brow v. Farrelly,* 994 F.2d 1027, 1038 (3d Cir. 1993) ("If the circumstances warrant the imposition of an injunction [restricting a litigant's ability to file future law suits], the District Court must give notice to the litigant to show cause why the proposed injunctive relief should not issue."); *see also In re Oliver,* 682 F.2d 443, 446 (3d Cir. 1982) ("[The litigant] should have been provided with an opportunity to oppose the court's order [enjoining him from filing future cases] before it was instituted.") The imposed sanctions, which bar Hill from ever bringing another lawsuit in the district, were also overly broad. *See In re Packer Ave. Assocs.,* 884 F.2d 745, 748 (3d Cir. 1989) ( "There simply is no support in the law for permitting an injunction prohibiting a litigant from ever filing a document in federal court."); *see also Brow,* 994 F.2d at 1038 ("[T]he scope of the injunctive order must be narrowly tailored to fit the particular circumstances of the case before the District Court."). Thus, we must vacate the Court's injunction barring Hill from bringing any future civil suit in the Middle District of Pennsylvania.
>
> In lieu of the vacated injunction, we recommend that the District Court after providing notice and an opportunity to respond consider adopting an order requiring Hill to obtain certification from a United States Magistrate Judge before bringing any future action in the Middle District of Pennsylvania. Such an approach has been endorsed by Courts of Appeals, *see, e.g., Baum v. Blue Moon Ventures, LLC,* 513

F.3d 181, 186–94 (5th Cir. 2008) (upholding an injunction preventing an abusive litigant from filing claims in any federal district court, bankruptcy court, or agency without court permission); *Ortman v. Thomas,* 99 F.3d 807, 811 (6th Cir. 1996) ("[I]t is permissible to require one who has abused the legal process to make a showing that a tendered lawsuit is not frivolous or vexatious before permitting it to be filed."); *In re Packer Ave. Assoc.,* 884 F.2d at 748 (requiring a litigant to obtain leave of the district court before filing any action relating to a particular bankruptcy case); *Abdul–Akbar v. Watson,* 901 F.2d 329, 332 (3d Cir. 1990) ("[D]istrict courts in this circuit may issue an injunction to require litigants to obtain the approval of the court before filing further complaints."), and it would prevent Hill from pursuing frivolous actions without denying him access to the courts.

In addition, it may be appropriate to impose contempt sanctions against Hill for his blatant violation of the order prohibiting him "from filing any document which is replete with offensive, derogatory material." Order at 10, *Hill v. Gates,* 940 F.Supp. 108 (M.D. Pa. 1996). Hill's complaint and appellate filings are brimming with vile and outrageous remarks that demean the judiciary and warrant a strong rebuke.

*Id.* at 171-172.

In December of 2010, Plaintiff's case was reassigned to United States District Judge Yvette Kane, following the death of Judge McClure. On January 6, 2011, Judge Kane issued an order directing Plaintiff to show cause why sanctions (in the form of requiring Plaintiff to obtain certification from a Magistrate Judge before filing any new civil case) should not be imposed. Order to Show Cause, *Hill v. Carpenter*, No. 4:08-CV-591 (M.D. Pa. Jan. 6, 2011), ECF No. 16. On January 19, 2011, Plaintiff filed a response. Response, *Hill v. Carpenter*, No. 4:08-CV-591 (M.D. Pa. Jan. 19, 2011), ECF No. 17. On February 16, 2011, Judge Kane issued an order imposing a sanction that Plaintiff be "required to obtain certification from a

United States Magistrate Judge prior to filing a future civil action within the Middle District of Pennsylvania." *Hill v. Carpenter*, No. 4:08-CV-591, 2011 WL 676810 at *2 (M.D. Pa. Feb 16, 2011). In doing so, Judge Kane explained:

> On January 6, 2011, pursuant to the recommendation of the Third Circuit, the Court issued an order on Hill to show cause why he should not be required to obtain certification from a United States Magistrate Judge prior to filing a future civil action within the Middle District of Pennsylvania. (Doc. No. 16 at 4–5); *see also Abdul–Akbar v. Watson,* 901 F.2d 329, 332 (3d Cir. 1990) ( [D]istrict courts in this circuit may issue an injunction to require litigants to obtain the approval of the court before filing further complaints."). On January 19, 2011, Hill filed a twenty-one page document, with exhibits, entitled "Response to 'Judge' Kane's 1–6–11 Rule to Show Cause." (Doc. No. 17). Although this document is docketed as a response, it is wholly unresponsive to the Court's January 6, 2011 Order, contains vitriolic and unwarranted language, and continues the long pattern of abusive posturing by Hill.
>
> The Court has provided Hill with notice "to show cause why injunctive relief should not issue." *Gagliardi v. McWilliams,* 834 F.2d 81, 83 (3d Cir. 1987). In this notice, the Court informed Hill that he faced potential sanctions in the form of having to obtain certification from a magistrate judge prior to filing a future civil action within the Middle District of Pennsylvania. (Doc. No. 16 at 4–5). Hill has failed to adequately respond to this notice. Therefore, pursuant to the recommendation of the Third Circuit, the Court will sanction Hill by requiring him to receive certification from a magistrate judge prior to filing a future civil action within the Middle District of Pennsylvania.

*Id.* at 1-2.

Since that sanction was imposed Plaintiff filed several new cases in the Middle District of Pennsylvania in which he requested leave to proceed *in forma pauperis*.

In one such case, filed on March 24, 2015, Plaintiff alleged, in large part, "a conspiracy between municipal officials that resulted in his prosecution and incarceration for 5 ½ years on sundry 'trumped-up' criminal charges, all of which occurred decades ago." Report & Recommendation, *Hill v. Umpstead,* No. 4:15-CV-587 (M.D. Pa. Mar. 27, 2015), ECF No. 3. The complaint also concerned a dispute between Plaintiff and the "borough officials related to snow removal over the recent winter months." *Id.* On March 27, 2015, United States Magistrate Judge Karoline Mehalchick issued a report explaining that Plaintiff's claims related his criminal convictions (which occurred more than a decade before the complaint was filed) were barred by the applicable statute of limitations, and Plaintiff's claims related to the snow removal were insufficient to support a plausible RICO or civil rights claim. *Id.* Judge Mehalchick declined to certify Plaintiff's complaint for filing because it was "legally and factually frivolous" and recommended that the complaint be dismissed pursuant to the February 2011 sanction order. *Id.* On June 25, 2015, United States District Judge Matthew W. Brann adopted Judge Mehalchick's recommendation and dismissed Plaintiff's case. Order, *Hill v. Umpstead,* No. 4:15-CV-587 (M.D. Pa. June 25, 2015), ECF No. 6. Plaintiff appealed. On February 2, 2016, the Third Circuit Court of Appeals issued an opinion affirming the dismissal of Plaintiff's lawsuit because the claims alleged had no merit. However, in doing so, the Circuit remarked:

District Courts in this Circuit may issue an injunction to require litigants who have engaged in abusive, groundless, and vexatious litigation to obtain approval of the court before filing further complaints. *See Chipps v. U.S. Dist. Ct. for Middle Dist. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989). We have recognized, however, that a pre-filing injunction is an extreme remedy which must be "narrowly tailored and sparingly used." *Abdul-Akbar v. Watson*, 901 F.2d 329, 332 (3d Cir. 1990) (quoting *In re Packer Ave. Assocs.*, 884 F.2d 745, 747 (3d Cir. 1989)). "Narrowly tailored" means fitting the language of the injunction to the particular circumstances of the case. *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993). Thus, we have approved of an order "directing that the litigant not file any section 1983 claims without leave of court and that in seeking leave of court, the litigant certify (1) that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal courts, (2) that he believes the facts alleged in his complaint to be true, and (3) that he knows of no reason to believe his claims are foreclosed by controlling law." *Abdul-Akbar*, 901 F.2d at 333. Here, the District Court's pre-filing injunction – which "sanction[ed] Hill by requiring him to receive certification from a magistrate judge prior to filing a future civil action within the Middle District of Pennsylvania" – fails to comport with our direction that it impose more tailored sanctions against him." *Hill*, 323 F. App'x at 172. Despite this failure, however, the District Court properly dismissed Hill's complaint because, for the reasons provided below, his claims lack merit.

Mandate of USCA, *Hill v. Umpstead,* No. 4:15-CV-587 (M.D. Pa. Mar. 14, 2016), ECF No. 9-2.

Recently, Plaintiff filed a case concerning a 2004 tax assessment. *Hill v. Lycoming County Government*, No. 4:20-CV-2397 (M.D. Pa.). On December 23, 2020, I issued a Report recommending that Plaintiff's complaint in that case not be certified, or in the alternative that it be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *Id.* at ECF No. 7. Plaintiff did not file objections to that Report &

Recommendation, and it was adopted. The case was then referred back to me to impose a sanction. On March 24, 2021, I issued a Report recommending that Plaintiff be enjoined from filing any further lawsuits specifically about the 2004 Lycoming County tax assessment without counsel or without paying the full civil filing fee. *Id.* at ECF No. 13. It was adopted by the District Court, and upheld on appeal by the Third Circuit. *Id.* at ECF Nos. 25, 31-1.

      B.    PLAINTIFF'S ALLEGATIONS IN THIS CASE

On April 15, 2022, Plaintiff lodged a document titled "Writ Quo Warranto / Prohibition / Mandamus Error—Disqualification from Ballot & Public Office (Petition for Disqualification)." (Doc. 1). In this document, Plaintiff alleges:

> Pursuant to Amendment 14, Section 3—Pa Constitution, Pennsylvania state senator Doug Mastriano, should be banned from running for Pennsylvania governor in 2022 for violating his solemnly-swore oath of public office and failing to support the Constitution of the United States having engaged in the 1-6-21 insurrection against the same and subversive activities leading up to the 1-6-21 political violence at the Capitol in Washington, DC incited by President Donald J. Trump that injured 140 Capitol police and Metro police and killed 5 police officers.

(Doc. 1, p. 1). Although Plaintiff cites to the Pennsylvania Constitution in the body of his pleading, he attaches a document titled "judicial notice" in which he asks the court to take judicial notice of quotes by Sinclair Lewis and Samuel Johnson, and Section 3 of the Fourteenth Amendment to the United States Constitution.

In support of his position that Defendant should be disqualified from running for governor, Plaintiff alleges:

(1)     Pa state senator Doug Mastriano had buses chartered at his expense to transport state residents to Washington, DC to attend a pro- Trump STOP the STEAL political rally on 1-6-21 after Trump Lost the 2020 presidential election in which Trump knew from his inner circle that there was no fraud. Many of the state residents transported to DC on 1-6-21 by Mastriano were indicted for rioting and insurrection and sedition.

(2)     Mastriano and his wife were photographed at the Capitol in DC on 1-6-21 as rioters were breaching police barriers at the main capitol steps contrary to his denials.

(3)     Mastriano organized an exclusively Republicans, private, secretive phone or video conference with Trump in Gettysburg after Trump had lost the 2020 election for a STOP the STEAL sales seminar centered around Trump's BIG LIE in November 2020.

(4)     Mastriano lied about his presence at the 1-6-21 insurrectionist riot at the Capitol in DC and that of his wife, a fact ascertained by Sedition Hunters and the photo documentation of the northeast barrier breach video of the Capitol steps.

(5)     Mastriano was with insurrectionist Rick Saccone when Saccone encouraged fellow insurrectionists to storm the Capitol and "run out all the evil people" and RINOs that don't support Trump.

(6)     Mastriano posed for photo with Trump, extremist Samuel Lazur who was wounded by the FBI for participating in the 1-6-21 capitol riot and spraying capitol police with chemical irritants and bragging about it.

(7)     He went to the White House to meet with Trump at the Oval Office with a Republican legislative delegation to discuss overturning the 2020 election after Biden was certified the winner.

(8)     He considers far-right extremist groups like the Oath Keeper, Proud Boys, and militias as patriots rather than domestic enemies of the country and terrorist organizations as well as insurrectionists, seditionists, and traitors.

(9)     He is one of the most zealous promotors of Trump's BIG LIE and the leader of the Trump loyalists in the Trump cult in violation of his solemnly-sworn oath of public office, He still promotes Trump's discredited BIG LIE.

(10)    Mastriano is a QAnon conspiracy theorist, something he revealed on the Patriot's Soapbox livestream, and QAnon has been deemed a threat to national security as an extremist group worshipping Trump and admiring Putin.

(11)    He assisted Trump in the promotion of his Big Lie inciting Trump supporters and transporting them to DC on busses he chartered for the pre-planned 1-6-21 violent, seditious, insurrectionist attacks on the Capitol which was part of a pre-meditated, treasonous attempt to subvert the fair election of Joseph Biden to the US presidency and peaceful, constitutional, transfer of power and install Trump in a 2nd term against the wishes of 30+ million voters in violation of the Constitution.

(12)    Mastriano participated in the Trump-Eastman conspiracy to nullify the electoral college electors and replace them with Trump electors in 7 swing states that included Pennsylvania, Michigan, Wisconsin, Arizona, Georgia, Nevada, and New Mexico (PA and NM added a caveat to their falsified electoral documents).

(13)    Mastriano acted in concert with Trump and his minions in furtherance of Trump's desperate multi-pronged schemes to stay in the presidency illegally to avoid potential criminal prosecutions and prison and was active in the grooming of seditious insurrectionists that violently broke into the Capitol to disrupt the electoral college vote counting process.

(Doc. 1, pp. 1-3).

With this background, I turn to the appropriate legal standard to be applied.

C.    MOTION TO INTERVENE (DOC. 6)

On April 25, 2022, proposed intervenor Calvin Clements ("Proposed Intervenor"), through his counsel, filed a motion requesting permissive intervention pursuant to Fed. R. Civ. P. 24(b)(1)(B). (Doc. 6). Along with his Motion, Proposed Intervenor filed a brief in support (Doc. 6-1), a proposed counterclaim complaint (Doc. 6-2), and a 395-page U.S. Senate Committee Majority Staff Report (Doc. 6-3).

In his proposed counterclaim complaint, Proposed Intervenor alleges that Defendant attempted to overthrow the United States Government following the 2020 presidential election, and must be disqualified from running for governor under Section 3 of the Fourteenth Amendment to the United States Constitution. (Doc. 6-2). In his supporting brief, Proposed Intervenor also suggests that Defendant's conduct following the 2020 presidential election disqualifies Defendant under Pennsylvania law. 25 P.S. § 2936 (providing that "no nomination petition, nomination paper or nomination certificate shall be permitted to be filed, if the political party or political body referred to therein shall be composed of a group of electors whose purposes or aims, or one of whose purposes or aims, is the establishment, control, conduct seizure or overthrow of the Government of the Commonwealth of Pennsylvania or the United States of America by use of force, violence, military measure or threats of one or more of the forgoing.").

In his proposed counterclaim complaint, Proposed Intervenor requests that this Court "disqualify Doug Mastriano from his candidacy for Governor of Pennsylvania." (Doc. 6-2, ¶ 37).

Plaintiff objects to intervention. (Doc. 5). Plaintiff argues that Proposed Intervenor should file his own petition, and that permitting intervention would violate Plaintiff's rights. (Doc. 5, pp. 1-2).

III.    LEGAL STANDARD FOR SCREENING COMPLAINTS FILED BY LITIGANTS PROCEEDING *IN FORMA PAUPERIS*, GENERALLY

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by litigants given leave to proceed *in forma pauperis*. *See Atamian v. Burns*, 236 F. App'x 753, 755 (3d Cir. 2007) ("the screening procedures set forth in 28 U.S.C. § 1915(e) apply to *in forma pauperis* complaints filed by prisoners and non-prisoners alike."). Specifically, the Court is obliged to review the complaint in accordance with 28 U.S.C. § 1915(e)(2), which provides, in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> > (A) the allegation of poverty is untrue; or
> >
> > (B) the action or appeal--
> >
> > > (i) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

In performing this mandatory screening function, the Court applies the same standard that is used to evaluate motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has observed the evolving standards governing pleading practice in the federal courts, stating that "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 209-10 (3d Cir. 2009). "[A] complaint must do more than allege the plaintiff's entitlement to relief." *Id.* at 211. It also "has to 'show' such an entitlement with its facts." *Id.*

To test the sufficiency of the complaint under Rule 12(b)(6), the court must conduct the following three-step inquiry:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Iqbal,* 129 S.Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.*

*Santiago v. Warminster Tp.*, 629 F.3d 121, 130 (3d Cir. 2010).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (*quoting Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* complaint must recite factual allegations that are enough to raise the Plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

IV.    ANALYSIS

    A.    THE COURT SHOULD DECLINE TO CERTIFY PLAINTIFF'S CASE, OR IN THE ALTERNATIVE DISMISS PLAINTIFF'S PLEADING PURSUANT TO 28 U.S.C. § 1915(E)(2)(B)(II)

Plaintiff's pleading in this case boils down to a challenge to Defendant's suitability to appear on the ballot for the Pennsylvania gubernatorial primary in May 2022. Plaintiff alleges that Defendant should be disqualified from holding office because he engaged in insurrection or rebellion against the United States, and/or gave aid and comfort to the enemies of the United States. In the title of his pleading he used the phrases "Writ Quo Warranto" and "Mandamus Error." I construe Plaintiff's pleading as alleging a federal quo warranto claim, and requesting

mandamus relief pursuant to 28 U.S.C. § 1361. As explained in detail below, Plaintiff lacks standing to bring a federal quo warranto claim, and the Court lacks the authority to grant mandamus relief against a state actor under 28 U.S.C. § 1361.

      1.    Plaintiff's Federal Quo Warranto Claim Should Be Dismissed

A federal writ quo warranto may be sought only by the United States, and not by a private individual, like Plaintiff. As explained in *Cizek v. Davis:*

> Historically, the federal quo warranto action has been available only in connection with proceedings over an individual's right to hold an office or position. *See, e.g., Johnson v. Manhattan Ry. Co.,* 289 U.S. 479, 502 (1933); *Newman v. Frizell,* 238 U.S. 537 (1915); *Barany v. Buller,* 670 F.2d 726, 735 (7th Cir. 1982). Moreover, "[i]t appears from case law that in federal court, the writ may be sought only by the United States, and not by private individuals." *Allah v. Robinson,* 2007 WL 2220258, at *2 (W.D. Wash. July 31, 2007) (citing *Johnson v. Manhattan Ry. Co.,* 289 U.S. at 502 (1933)); *see also Bhambra v. County of Nev.,* 2010 WL 3258836 (E.D. Cal. 2010); *United States v. Machado,* 306 F.Supp. 995, 1000 (N.D. Cal. 1969).

*Cizek v. Davis*, No. 4:10-0185, 2010 WL 5437286, at *3 (M.D. Pa. Nov. 29, 2010), *report and recommendation adopted* by 2010 WL 5441969 (M.D. Pa. Dec. 28, 2010); *Wilkes v. North Carolina*, No. 1:19-CV-699, 2019 WL 7039631 at *4 (M.D.N.C. Nov. 19, 2019) ("quo warranto is the prerogative writ by which the Government can call upon any person to show by what warrant he holds public office or exercises a public franchise and, as such, a private individual has no standing to institute such proceeding." (internal quotations omitted)) *report and recommendation adopted by* 2019 WL 7037401 (M.D.N.C. Dec. 20, 2019), *affirmed*

*by* 821 F. App'x 256 (4th Cir. 2020); *Wright v. Magill*, No. 18-1815, 2019 WL 440554 at *1 (D. Minn. Feb. 4, 2019) ("Quo warranto is an extraordinary proceeding that is only authorized to be brought by the United States.").

Accordingly, I find that Plaintiff's federal quo warranto claim should be dismissed because, as a private citizen, he does not have standing to initiate a federal writ quo warranto claim.

        2.     Plaintiff's Claim for Mandamus Relief Should be Dismissed

Pursuant to 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Although this statute gives the district court jurisdiction over an action in the nature of mandamus, it can only compel "an officer or employee of the United States." *In re Wolenski*, 324 F.2d 309 (3d Cir. 1963) (citing 28 U.S.C. § 1361). It does not provide a remedy against state actors or agencies. *See e.g., In re Wolenski*, 324 F.2d 309 (finding that the district court was without power to compel the Orphans' Court to act); *Elansari v. Federal Bureau of Investigation*, No. 20-CV-3593, 2020 WL 4365604 at *1 (E.D. Pa. July 30, 2020) (finding that the district court was without power to compel a local police department to act).

Defendant is a state senator and is running for state office. Plaintiff has alleged no facts that suggest Defendant is an officer or employee of the United States or any

agency thereof. This Court lacks the authority to compel Defendant to withdraw his nomination petition. Mandamus relief under 28 U.S.C. § 1361 is only proper against federal officials.

> 3.    In the Absence of Any Federal Claim The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claim

Plaintiff includes the phrase, "Petition for Disqualification" in the heading of his pleading. I construe this language as an attempt to file an objection to Defendant's nomination petition under state law.

Pennsylvania regulates the time, place, and manner of its elections through the Pennsylvania Election Code. 25 P.S. §§ 2601 *et seq.* Under the Pennsylvania Election Code, each candidate must submit a nomination petition to the state board of elections, which includes an affidavit in which the candidate must certify that he or she is eligible for office. 25 P.S. § 2870. The Pennsylvania Election Code also provides a process for an individual voter, like Plaintiff, to object to nomination petition. 25 P.S. § 2397.

The relevant state statute addressing objections to a nomination petition provides that:

> All nomination petitions and papers received and filed within the periods limited by this act shall be deemed valid, unless, within seven days after the last day for filing said nomination petition or paper, a petition is presented to the court specifically setting forth objections thereto, and praying that the said petition or paper be set aside . . . . Upon the presentation of the such a petition, the court shall make an

order fixing a time for hearing which shall not be later than ten days after the last day for filing said nomination petition or paper, and specifying the time and matter of notice that shall be given to the candidate or candidates named in the nomination petition or paper sought to the best aside. On the day fixed for said hearing, the court shall proceed without delay to hear said objections, and shall give such hearing precedence over other business before it, and shall finally determine said matter not later than fifteen (15) days after the last day for filing said nomination paper.

25 P.S. § 2937. [2]

Where a district court has dismissed all claims over which it had original jurisdiction, the Court may decline to exercise supplemental jurisdiction over state law claims. 28 U.S.C. § 1367(c)(3). Whether the Court will exercise supplemental jurisdiction is within its discretion. *Kach v. Hose,* 589 F.3d 626, 650 (3d Cir. 2009). That decision should be based on "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

Ordinarily, when all federal law claims have been dismissed and only state law claims remain, the balance of these factors indicates that any remaining claims properly belong in state court. *Id.* at 350. This case is no exception. In the absence

---

[2] The deadline for filing nomination petitions for congress and statewide offices (i.e., governor) in Pennsylvania was March 15, 2022. *See* Pennsylvania Department of State, Important Dates for the 2022 Pennsylvania Elections, https://www.vote.pa.gov/About-Elections/Pages/Election-Calendar.aspx (last visited Apr. 25, 2022). Pursuant to 25 P.S. § 2937, Plaintiff had seven days to object to the nomination petition. Plaintiff filed his pleading in this Court on April 15, 2022.

of any plausible federal claim, the Court should decline to exercise jurisdiction over Plaintiff's objection to Defendant's nomination petition.

### 4.     Effect of Injunctive Sanctions

As noted in Section II(A) of this Report, Plaintiff is subject to two injunctive sanctions in this district. I note that Plaintiff's current lawsuit does not contain the objectional language that, in part, prompted Judge McClure to issue sanctions thirteen years ago. To the extent that the 2011 sanction requiring Plaintiff to obtain certification from a United States Magistrate Judge before filing any future civil action within the Middle District of Pennsylvania is still enforceable, I decline to certify Plaintiff's pleading in this case because Plaintiff lacks standing to bring a federal quo warranto claim, and because the Court lacks the authority to grant the mandamus relief he requests.

The sanction prohibiting Plaintiff from filing any civil action in this Court that includes a claim about his 2004 tax assessment is not applicable to the claims raised in this pleading.

### 5.     Leave to Amend Should be Denied

If a complaint is subject to dismissal for failure to state a claim, "a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir.

2008). If the 2011 sanction is no longer enforceable, Plaintiff's pleading should nonetheless be dismissed without leave to amend because amendment is futile.

As explained in this Report, only the United States can bring a federal quo warranto claim. Thus, amendment cannot cure the defects in Plaintiff's quo warranto claim. Similarly, pursuant to 28 U.S.C. § 1361, this Court does not have the authority to grant mandamus relief against Defendant because he is not a federal official. Amendment cannot cure this defect.

B. THE PENDING MOTION FOR PERMISSIVE INTERVENTION SHOULD BE DENIED

Under Rule 24(b), " [o]n timely motion, the court *may* permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B) (emphasis added). To permissively intervene, a proposed intervenor must: (1) establish that the motion is timely, and (2) allege at least one common question of law or fact. *Id.* If the proposed intervenor establishes these elements, the district court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(c).

Assuming that Proposed Intervenor has met the first two elements of Fed. R. Civ. P. 24(b), granting intervention in this case will delay the adjudication of Plaintiff's claims in this case.

Proposed Intervenor argues:

No party is prejudiced by this intervention. Filing deadlines for the election were only closed on March 15, 2022. https://www.vote.pa.gov/about-elections/pages/election-calendar.aspx Objections to petitions were only due March 22, 2022. *Id.* Defendant would likely be prejudiced if the intervention is not granted in that Defendant would face a separate action, possibly before a different judge in a different courthouse unless the Court consolidated cases. Consolidation would require additional burden on the part of the Court and all parties which can be avoided by permissive intervention.

(Doc. 6-1, pp. 4-5). In another section of the same brief, Proposed Intervenor argues:

Were the court to deny permissive intervention, Clements would likely file a separate action in the Middle District, which may likely be assigned to a judge in the Harrisburg Division, given that Clements resides in Lebanon County. Courts should consider judicial economy when deciding to permit or deny permissive intervention. *Brody By and Through Sugzdinis v. Spang,* 957 F.2d 1108, 1123 (3d Cir. 1992); *citing Society Hill Civic Ass'n v. Harris*, 632 F.2d 1045, 1051 (3d Cir. 1980). The Third Circuit has noted that it prefers intervention to collateral attacks. *Commw. v. President U.S.*, 888 F.3d 52, 59 (3d Cir. 2018); *quoting Kleisser v. U.S. Forest Service*, 157 F.3d 964, 970 (internal citations omitted).

Here, rather than litigating the same issues in different courtrooms with different judges, or, in the alternative, taking the time to consolidate cases once filed, the court would streamline consideration of Mr. Mastriano's eligibility for further elective office by allowing proposed intervention.

(Doc. 6-1, p. 8).

As explained in this Report, the Court recommends denying certification of Plaintiff's pleading, and recommends in the alternative that Plaintiff's pleading be dismissed without leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Plaintiff lacks standing to assert a federal quo warranto claim, and seeks mandamus

relief that this Court lacks the authority to grant. Proposed Intervenor in this case appears to assert a new legal claim under 42 U.S.C. § 1983 in his proposed complaint. Given the procedural posture of the original pleading, and the Court's recommendation that the original pleading be dismissed, consolidation would not streamline the adjudication of Plaintiff's claims. Adding a new legal claim to this lawsuit would unduly delay the resolution of Plaintiff's claims. Accordingly, Proposed Intervenor's motion to intervene should be denied.

V.      RECOMMENDATION

To the extent that the 2011 sanction is still enforceable, I DECLINE to certify this action for filing because Plaintiff lacks standing to bring a federal quo warranto claim, and because Plaintiff cannot obtain the mandamus relief he requests from this Court. In the alternative, it is RECOMMENDED that:

(1)     Plaintiff's IFP motion (Doc. 2) be granted and this case be dismissed without leave to amend pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) (failure to state a claim on which relief may be granted).

(2)     Proposed Intervenor's Motion to Intervene (Doc. 6) be DENIED.

(3)     The Clerk of Court be DIRECTED to close this case.

Date: April 26, 2022                              BY THE COURT

                                                  *s/William I. Arbuckle*
                                                  William I. Arbuckle
                                                  U.S. Magistrate Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY D. HILL, | ) | CIVIL ACTION NO. 4:22-CV-556 |
| Plaintiff | ) | |
| | ) | (BRANN, C.J.) |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| DOUG MASTRIANO, | ) | |
| Defendant | ) | |

<u>NOTICE OF LOCAL RULE 72.3</u>

NOTICE IS HEREBY GIVEN that any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Date: April 26, 2022

BY THE COURT

*s/William I. Arbuckle*
William I. Arbuckle
U.S. Magistrate Judge